## Commonwealth v. Honeywell

Before Pinola, P. J., Lewis & Brominski, JJ.

*Stephen A. Teller* and *Bernard J. Hendrzak,* for Commonwealth.

*Charles D. Lemmond, Jr.,* for defendant.

LEWIS, J., June 21, 1963.—This matter comes before us on a rule granted upon the Commonwealth to show cause why copies of written reports of an examining physician and a hospital should not be provided defendant and his counsel prior to trial, or why defendant and his counsel should not be allowed to inspect said reports and make copies thereof prior to trial.

On March 5, 1963, defendant was indicted on a charge of having committed the crime of rape, attempt to rape and assault and battery upon the person of one Joan Longfoot. At the preliminary hearing on February 21, 1963, it was disclosed by the testimony of Wilkes-Barre police officers that the alleged victim had

been examined by Dr. Gordon Guyler and the Wyoming Valley Hospital on the date of the alleged crimes. It was further stated that the results of the examinations were contained in written reports, and it is these reports which defendant seeks to be allowed to examine.

While it is the general rule that a defendant in a criminal case has no absolute right to examine and inspect, prior to trial, evidence in the possession of the Commonwealth, the enlightened modern trend has been to allow discovery, subject to the discretion of the trial court. In line with this modern trend, physical items which have been examined previously by experts for the Commonwealth have been required to be made available to the defense for independent inspection by experts of its choice. Likewise, the discretion of a lower court in allowing inspection of a defendant's written confession prior to trial, has been affirmed by the Supreme Court.

However, in our opinion, the inspection here sought by defendant differs in marked degree from those just referred to. Here, defendant seeks to inspect the report of an examining physician which apparently embodies factual data upon which he has based his opinion that there was "penetration,' an essential element of the crime of rape. Defendant has cited in support of the proposition he advances, DiJoseph Petition, 394 Pa. 19 (1958). There, the Supreme Court affirmed pro tanto an order of the Montgomery County court allowing a broad pretrial discovery to the defendant in a murder case, placing a limitation upon the discovery, however, with respect to photographs of fingerprints on the revolver alleged to have been used in the commission of the crime. Mr. Justice Musmanno, in a concurring opinion commented upon the limitation as follows:

"We have affirmed the action of the lower Court with regard to inspection of the weapon but have refused to the defendant an inspection of the photographs of

fingerprints, if any. I believe this action to be eminently just and in no way handicaps the defendant in the preparation of her case. She is one person who knows whether she used the weapon or not and, therefore, *she is not being denied anything which she needs in the ascertainment of truth.*" (Italics supplied.)

Paraphrasing the language of the Supreme Court, we may say, here, that defendant is one person who knows whether there was "penetration" or not and, therefore, he is not being denied anything which he needs in the ascertainment of truth.

We believe that certain further language employed by Justice Musmanno, if properly paraphrased in keeping with the instant case, would be equally applicable:

"I believe the prosecution here might find itself impeded in preparing for trial if it were required to announce to the world what it found on the 38 calibre revolver discovered in the culvert. It would appear that Max Kravitz' death was the result of criminal aggression, and all law-enforcing agencies should be aided rather than restricted in attempts made to ascertain the identity of the malefactor, if there is one, and to bring that person to justice.

"The scales of justice are weighted in favor of the accused, as they should be, because nothing can be more destructive of faith in the law than the conviction of an innocent man. This does not mean, however, that the prosecution should be manacled in its honest endeavor to uphold the law and safeguard society from violence. Such a fettering is not to adjust the scales of justice but to destroy them.

"The Attorney General of the Commonwealth, arguing in support of the decision of the court below, asserted, *inter alia,* that an accused is entitled to examine everything that the Commonwealth may have gathered in preparing its case against the defendant. If such a rule were to govern in every case, society

could suffer in its efforts to reduce crime and prevent violence": DiJoseph Petition, supra, at page 26.

In our studied consideration of the instant matter, therefore, we feel that the Commonwealth should not be required to lay open to defendant for inspection the written medical report on the victim which gave rise to the medical authorities' opinion that she had been raped. In our judgment, such broad discovery as is here sought by defendant is neither reasonable nor logical, nor based on any legal precedent. We might add that to allow discovery in the nature of that here sought might well be violative of guaranteed rights of the victim, noting that she is not the prosecutrix.

Now, therefore, the rule heretofore granted upon the Commonwealth to show cause why copies of written reports of an examining physician and a hospital should not be provided defendant and his counsel prior to trial, or why defendant and his counsel should not be allowed to inspect said reports and make copies thereof prior to trial, is hereby discharged.